Mr. Overhauser? Sorry, you're up. Thank you, Your Honor. May it please the Court. My name is Paul Overhauser, and I represent the defendants. The issue in this case is whether a copyright infringement plaintiff must introduce evidence of what it actually registered with the Copyright Office so that a court can assess whether an accused product is substantially similar to the copyrighted work. Wasn't this mooted out by what happened at the second hearing? No, it was not. So your complaint was at the first hearing that they didn't have authenticated copies of their registration? Was that the essence of it? Either authenticated copies of the copyright deposit materials or an affidavit from somebody, anybody, saying, attached our pictures of what was actually registered with the Copyright Office. And you made that objection prior to the preliminary injunction being issued? Yes, we did. And then you renewed it in a motion to stay. It's important to get the... I'm just trying to get the sequence here. You're going to get a full chance to argument. You've got about nine minutes to do it. But that's the sequence, isn't it? Then you moved the district court, following the issuance of the preliminary injunction, to stay its enforcement, right? Correct. And in response to that, the other side brought forward the certified materials that you had complained were not present at the first hearing, right? That is correct. And I think it's important to understand the timing, the sequence of that. So where's the beef? Where's the beef? The beef is that the defendants have never had an opportunity to submit an argument to the court with regard to the materials that were actually registered to the Copyright Office. There was an injunction was entered, we filed this interlocutory appeal, and then a motion for stay was filed. There's a hearing on the motion to stay on June 19th of this year, at which time the trial court directed the plaintiff to submit a statement stating whether the toy samples that had been left with the court were the same thing as what was registered. The next day, on June 20th, the plaintiffs filed that statement accompanied by, for the first time, for the very first time, copies of the deposit material from the Copyright Office. That declaration was served by mail. I didn't receive my service copy until June 23. However, by the time I received my service copy, the court had already denied our motion for a stay. So the defendants never had an opportunity to provide a single word of argument about the discrepancies between what the plaintiffs actually registered and the product samples they had lodged with the court and how both were different from defendants' products. It's a little bit of a self-inflicted wound, isn't it? I don't understand. Well, perhaps. I think I understand what you're saying. But the only issue before this Court right now is the propriety of the issuance of the preliminary injunction, which was issued way back on March 16th, without having before it any evidence of exactly what had been registered by the plaintiffs. But then when it did have the evidence, it found that the packaging was identical to the packaging submitted to the court. And I understand you now to say you didn't have a chance to argue that point, but that's not the issue you raised to us. That's correct. Because I don't think anything that happened after the issuance of the preliminary injunction is properly before this Court today. I don't think that's the issue. And you'll note that our brief... Are you telling us that we can't take judicial notice of that? I don't think you properly can. What's your authority for that? I can't cite you to a case, but this is an interlocutory appeal, and the only issue raised on appeal is whether the preliminary injunction was properly issued. Anything that happened after that preliminary injunction was never a part of the notice of appeal. I assume that it is properly before us. What's your argument, that you didn't have a chance to respond to the materials that were produced at the stay motion? That's correct. We never had any opportunity to point out the problems with the materials that they submitted to the Copyright Office. For example, none of the pictures the plaintiffs submitted to the Copyright Office match any of the pictures that the plaintiffs had submitted with the declarations. Let me just stop you a little bit. If we affirm the issuance of the preliminary injunction without prejudice to your right to, in district court, to attack the information offered in support of the preliminary injunction, what's your problem then? Well, the problem, as a practical matter, is that by now, we would not actually have time to bring a motion to stay or to address the issue. We would not address the preliminary injunction because the motion deadline is too late in the trial court below, just due to the scheduling order. You don't think that the court would amend that scheduling order in response to our ruling? It may. It may not. The court has been very strict in sticking to the scheduling order to date. This is Judge Snyder? Correct, Your Honor. Okay. Did you want to save a little time for rebuttal? Yes, I would. Thank you, Your Honor. Okay. Thank you for coming in this morning. Mr. Seiberg? May it please the Court. You know, I went to a Whoopi Goldberg concert about a year ago, and after the concert had started for 15 minutes, two couples walked in and sat in the very front row, and Whoopi looked down at them and said, my ticket said 7.30. What did yours say? So, Your Honor, the court gets here on time. All these lawyers get here on time. We would really appreciate it if you got here on time. I can do nothing more than apologize. Okay. Go ahead. I got lost. Okay. May it please the Court. Richard Seiberg from Gordon & Reese in San Diego. And I hasten to add, I have never made a contribution to any political campaign in San Diego, so I appear before you with nothing. It would be okay if you did. Thank you, Your Honor. I would like to sort out, if I may, the appropriate standards of review and the rules of law in this case, because I was confused by the presentation by the appellant. I believe the appropriate standard of review is that the district court did not abuse its discretion in finding a likelihood of success on the merits, because there was substantial similarity between the parties' toy packaging. The district court had before it substantial evidence to make that finding. In addition to colored photographs and detailed declarations, it had the actual toys. It had the actual packaging. It also had the copyright registrations, and, as the court correctly points out, ultimately, it had the certified copies of the deposits. So even if you accept the appellant's argument, it's now moot. And when the district court denied a stay, it specifically found that the deposits were the same photos that it had examined previously. That's in the supplemental excerpts of Record 119. I suppose as a technical matter, the only thing the appellants complain about was cured by the follow-on hearing. I think it's correct, Your Honor. Is that your position? Well, it is part of my position, but you need not even get to that position because there simply is no legal authority that in comparing the items and finding substantial similarity that the court is under any obligation to examine the certified deposits. But even if they were, it was cured by what happened at the stay hearing. I believe that's correct, Your Honor. The district court, in fact, cured it by requiring you and your client to bring forward that information, right? That is correct. And the district court specifically noted that although it believed it had no obligation to do so, out of an excess of concern or caution, it asked my client to do so. My client did so. The district court examined what was produced and found that the certified deposits with the Copyright Office were precisely the same photographs that the court had examined earlier. What the appellant seems to be saying in this case is that the copyright registration doesn't conform to the item that the court examined. First of all, that's implied. It's never expressly stated. Second of all, it's simply not true. The district court made a specific finding to the contrary. There is no legal authority, and none is cited, that requires a court, a district court, to examine certified deposits before determining the likelihood of success on the merits, especially on a preliminary injunction. Your Honors are entirely correct that the appellees are, the appellants are free to go back to the district court, and if they feel there is some basis to move for reconsideration of the court's issuance of a preliminary injunction, they can do so. The motion cutoff in this case is December 1, so they still have time. Could the court have issued the preliminary injunction, putting the mootness issue aside, without any evidence that the materials provided to the court had been registered? No. You have to register a copyright as a prerequisite to get into court. And so they had the paper that said these items are registered. That is correct. And then they had the submission, and I thought the question was, what was linking the submission of these actual physical items, the packaging and the toys, with the paper that said certain things with this name were registered with the Copyright Office? The copyright registration itself requires you to state what is being registered. And in this case, the registration states packaging for the drop copter toy. And was there enough information in that paper that was before the court to allow it to confirm that the items that it got were the same as what had been registered? One of the reasons I ask this is when later at the second hearing, the court expressed some concerns about maybe these are derivatives, in which case they wouldn't have been registered and wouldn't be protected. So it seemed like there was some question in the court's mind. Your Honor, I believe the appropriate rule of law is that if the defendant, the party charged with infringement, believes that there is some discrepancy in the registration that is put before the court, then the burden is on that party to make some showing of such a discrepancy. The district court is entitled to take a copyright registration at face value. In this case, the registration which was presented to the court said drop copter packaging. There were declarations in front of the district court from my client that said, This is what we made. This is what has been infringed. Here are the photographs. There was no showing whatever by the defendant, the appellee herein, that there was any discrepancy or inconsistency in the technical registration. And, in fact, when put to it to satisfy the appellee's desire to make everybody jump through hoops, it turned out that what had been deposited was, in fact, precisely what the court had examined. We, as I noted, we submitted the actual packaging. The district court had it in front of it. The Copyright Act doesn't even require the Copyright Office to keep deposits forever. That's Section 704d of the Copyright Act. The claims in this case are claims for infringement of copyright. It's not infringement of a copyright registration. As Your Honors know, copyright arises automatically as a matter of law, and the registration requirement is simply a paper requirement as a prerequisite to suit. The appellants argue without authority that the district court has to require certified copies. There is no legal basis for that, and in any event, we satisfy it. So that even if the appellees are right, and they're not, that issue is now moot. Now, the appellees, the appellants don't challenge the validity of the copyright, nor did they below. The registration for the copyright that was found to be infringed was within five years of the first publication, and under the applicable law, under the Copyright Act, that is prima facie evidence of validity. That's Section 401c of the Copyright Act. That was not rebutted below. The appellants cite a 1986 Ninth Circuit case, Seiler v. Lucas Films, and they assert that it stands for the following principle, quote, when a plaintiff fails to provide evidence of what was registered, there can be no finding of substantial similarity, close quote. Well, as the district court found, that is a pretty startling application of that case. What happened in Seiler was that the plaintiff was found in bad faith to have lost or destroyed the original work, and the plaintiff was trying to get permission from the court to, quote, reconstruct it. That has no application to the facts before this Court, and frankly, it's a miscitation of that case. At the end of the day, the appellant here is simply trying to make not only my client, but the Court and Your Honors jump through technical hoops in an effort to avoid getting to the merits and run up costs. I have a feeling your opponent would say he's just putting you to your proof, but we understand the argument. Thank you, Your Honor. Thank you. Rebuttal? Thank you, Your Honor. I'd like to make a couple of points. First of all, we've never made the argument that the defendant has an obligation to tender certified copies of the deposit materials to the district court. That may be one way to get evidence of what was actually registered before the court, but it's not the only way, and particularly it wouldn't work for very old copyrights, for which the Copyright Office may no longer have the deposit materials. All they would have to have done would be to get an employee of Lennard to simply sign an affidavit saying, attached is a picture of the exact same material that was submitted to the Copyright Office in connection with this application. That's all they needed to do, and they failed to do that. Mr. Seifert seemed to indicate that the burden would be on the defendant to prove that what was deposited into court was not what was registered. Do you disagree with that? I do disagree with that. The plaintiff has the burden of showing what it is that they register. What Mr. Seifert was talking about was merely the information that appears on the face of the copyright registration certificate, and he is correct in that that textual information, the name of the work, the year it was published, the title of the authors of the work, that information can be entitled to a presumption. But that presumption does not extend to the nature of the underlying work that was deposited, because there are not pictures of the underlying work attached to the copyright registration certificate. The plaintiff has the burden of tendering that evidence to the court in connection with a preliminary injunction, and the plaintiff failed to carry its burden. The defendants have never had an opportunity to actually see what it was that had been registered by the plaintiffs until it was too late. I note that Mr. Seifert argued or stated that the district court found, in connection with the motion to stay, that the copyright deposit materials were the same as the product packaging that had been previously deposited with the court. That simply is not the case, and if you look at the supplemental excerpts of record beginning at page 128, which are the certified copies of the deposit materials, there are pictures of those products. And if you look, you can search every single page of the other excerpt of records for everything that was before the court in connection with the preliminary injunction, and those pictures appear nowhere. Moreover, the preliminary injunction that was entered by the court, in at least one respect, contradicts the scope of protection that the plaintiffs requested by virtue of their deposit materials. Specifically, the district court entered a preliminary injunction that prohibited the defendants from selling the products with the toys in the same configuration on the packaging. Okay, so it had to be a combination of the toy and the packaging together. Well, if you look at all of the deposit materials, nowhere, nowhere did the plaintiffs get a copyright registration on any combination of the toy with the packaging. So to that extent, the injunction in and of itself exceeded the very scope of copyright protection that the plaintiffs asked for. There are also several other respects in which the deposit material was inconsistent with what had, with the toys that had actually been deposited. For example, the plaintiffs argued at the preliminary injunction hearing that the scope of their protection extended to the color scheme of the toys. Well, if you look at the deposit material, all of the pictures they submitted to the Copyright Office are all black and white. There is no color. There are also discrepancies between the text of the copyright registration certificate and some of the information on the pictures. For example, the pictures contain some dates indicating that they were manufactured in 2003, whereas the copyright registration certificate says the product was first published in 2002. So we never had an opportunity to address these inconsistencies with the trial court. The defendant never tendered copies of what was registered to the trial court, and accordingly, the injunction should be vacated. Thank you. I thank both sides for their argument. The case just argued will be submitted for decision. My advice to you is to get your renewed motion attacking the preliminary injunction prepared and ready. And I hope, counsel, that if some adjustment needs to be made to the scheduling order, you'll be amenable to that. Okay, great. Thank you both for coming in. Okay, I think there's some room in these front seats up if you're standing in back and you're getting tired. We're ready for perfect 10.
judges: Hall, Hawkins, Ikuta